IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BETTY S. MCCARTY and CLAUDE CARLILE on behalf of themselves and others similarly situated, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) ) | CIVIL ACTION NUMBER: CV-07- JURY DEMAND |
| FAMILY DOLLAR STORES, INC., | ) ) ) ) | |
| Defendant. | ) | |

507CV 194

# COLLECTIVE ACTION COMPLAINT

COMES NOW the Plaintiffs, Betty S. McCarty and Claude Carlile and file this lawsuit against Defendant, Family Dollar Stores, Inc., for themselves and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action state the following:

1. Defendant is a corporation conducting business in the State of Texas.

2. Plaintiff McCarty currently resides in Redwater, Texas.

3. Plaintiff Carlile currently resides in Redwater, Texas.

1

4. At all times material to this action, Plaintiff McCarty has been employed by Defendant at its Texarkana, Texas store as a Store Manager.

5. At all times material to this action, Plaintiff Carlile has been employed by Defendant at its Texarkana, Texas store as a Store Manager.

6. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collective action provision of the Act found at §216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiffs, as well as others similarly situated to Plaintiffs, of their lawful wages.

7. This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the plaintiffs and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA. For at least three years prior to filing this complaint, Defendant has had a uniform policy and practice of consistently requiring its Store Managers to work over 40 hours a week for a salaried amount without overtime compensation.

8. Plaintiffs are employed with Defendant in the position of Store Manager. However, Plaintiffs' managerial duties were non-existent or extremely minimal as compared to other job duties regularly performed. The Managers, including Plaintiffs, perform minimal if any managerial duties. All, or nearly all, of their time is spent performing non-managerial functions, including, but not limited to the following: running the cash register, unloading trucks, stocking the shelves, sweeping the floors, cleaning the bathroom, sweeping the parking lot, selling

parts, making deliveries, counting inventory, pulling old stock off of the shelves.

9. Plaintiffs and all similarly situated Store Managers' primary duty was not of the management of the location where they were employed.

10. Plaintiffs and other similarly situated Store Managers did not customarily and regularly direct the work of two or more other employees.

9. Plaintiffs and other similarly situated Store Managers did not have the authority to hire and fire assistant managers; did not have the authority to promote, give pay raises or discipline any hourly employees nor were their suggestions or recommendation as to the hiring, firing or promotion of employees always accepted or given any weight.

10. Plaintiffs and other similarly situated Store Managers did not customarily and regularly exercise discretionary powers.

11. Plaintiffs and all similarly situated Store Managers were paid a specified weekly salary. Plaintiffs, as well as all similarly situated employees, were not paid any overtime compensation despite the fact that the employees always worked more than 40 hours a week and the vast majority of their hours were spent performing non-managerial job duties. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Eastern District of Texas, Texarkana Division

under 28 U.S.C. §1391(b).

13. Defendant is subject to personal jurisdiction in the State of Texas for the purpose of this lawsuit.

14. At all times material to this action, Defendant was and are enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

15. At all times relevant to this action, Defendant was the "employer" of Plaintiffs as defined by §203(d) of the FLSA.

16. At all times material to this action, Plaintiffs are "employees" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

17. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendant and all similarly situated Store Managers are or were covered by §§206 and 207 of the FLSA during their employment at Defendant.

18. At all times relevant to this action, Defendant employed Plaintiff McCarty in the capacity of Store Manager from her promotion date in July 1989 until present.

19. At all times relevant to this action, Defendant employed Plaintiff Carlile in the capacity of Store Manager from June 1987 until present.

20. Defendant has intentionally failed and/or refused to pay Plaintiff and other Store Managers salary/rates according to the provisions of the FLSA.

21. Defendant's systems and practices relating to their non-payment of overtime to Store Managers and the duties of Store Managers, which deprive the defendants of

any FLSA overtime exemptions, have existed for at least three years throughout Defendant's businesses.

22. For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA. Despite this knowledge, Defendant has failed to pay its employees the amount of pay as required.

23. As a result of the actions of Defendant, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

24. There are numerous similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records. Specifically, all Store Managers and former Store Managers of Defendant who have been employed with Defendant and have not been properly compensated, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

25. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and all similarly situated

employees and former employees in accordance with §207 of the FLSA.

26. As a result of Defendant's violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

27. In addition to the amount of unpaid wages and benefits owed to the Plaintiffs and all similarly situated employees, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

28. Defendant's actions in failing to compensate Plaintiffs, as well as all other similarly situated employees and former employees, in violation of the FLSA, were wilful.

29. Defendant has not made a good faith effort to comply with the FLSA.

30. Plaintiffs, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

31. Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

32. Plaintiffs are now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to §216(b) of the FLSA, prays for the following relief:

1. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendant's employees in all locations during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. §216(b);

2. Plaintiffs, and all other potential plaintiffs, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3. Plaintiffs' and all other potential plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

4. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

5. Enter an Order requiring Defendants to make Plaintiffs whole by awarding their lost wages (plus interest), liquidated damages, loss of benefits including retirement, pension, seniority and other benefits of employment;

6. Plaintiffs further demands a jury to try the issues when joined.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

*[signature: John E. Collins]*

Mr. John E. Collins, Esq.
Burleson, Pate & Gibson
2414 N. Akard St., Ste. 700
Dallas, TX 75201
Counsel for the Plaintiff

**Defendant's Address**

Family Dollar Stores, Inc.
P.O. Box 1017
Charlotte, North Carolina 28201-1017

Family Dollar Stores, Inc.
10401 Monroe Road
Matthews, North Carolina 28105